**12-877-cv**
**Askins v. City of New York et al.**

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2012

(Argued: January 25, 2013        Decided: August 23, 2013)

Docket No. 12-877-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DELROY ASKINS,

*Plaintiff-Appellant*,

v.

SERGEANT JOHN DOE # 1, P.O. JOHN DOE # 2,

*Defendants*,

and

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY
POLICE OFFICER SYMON, SHIELD NO. 30264, NEW YORK
CITY POLICY OFFICERS JOHN DOES 1-4,

*Defendant-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: LEVAL, RAGGI, and LIVINGSTON, *Circuit Judges*.

Plaintiff Delroy Askins appeals from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*) dismissing his claims of false arrest and malicious prosecution against defendants the City of New York and New York Police Department officers Sergeant John Doe # 1 and P.O. John Doe # 2. Askins challenges the district court's denial of his motion for leave to amend his complaint to identify the Doe defendants by name. He argues that the amended complaint would have related back to the original complaint under Federal Rule of Civil Procedure 15(c), rendering his claims against the officers timely. He also contends that the district court erred in dismissing his claims for municipal liability against the City of New York. The Court of Appeals (Leval, *J.*) concludes that (1) Askins waived any argument that an amendment naming the Doe defendants would relate back to the original complaint by failing to raise that argument before the district court, but (2) the district court did err in dismissing Askins's municipal liability claims. Accordingly, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** to the district court for further proceedings.

Scott A. Korenbaum, Stecklow Cohen & Thompson, New York, NY, for *Plaintiff-Appellant*.

Kathy H. Chang, Assistant Corporation Counsel (Larry A. Sonnenshein, Assistant Corporation Counsel, *on the brief*), for Michael A. Cardozo, Corporation Counsel of the City of New York, for *Defendant-Appellees*.

LEVAL, *Circuit Judge*:

Plaintiff Delroy Askins appeals from the judgment of the United States District Court for the Southern District of New York (McMahon, *J.*) dismissing his claims of constitutional torts involving arrest without probable cause and malicious prosecution in violation of 42 U.S.C. § 1983. The complaint named as defendants the City of New York, New York Police Officer Symon, and additional police officers whose names were

2

unknown to the plaintiff, identified in the complaint as Sergeant John Doe and Officer John Doe. Only the City and Officer Symon were served with process. The district court dismissed the complaint against Officer Symon on the basis of qualified immunity because, in arresting plaintiff, Symon was merely carrying out instructions received from other officers and could not have known whether there was a proper basis for the arrest. No appeal is taken from the dismissal of the case against Symon. As for the suit against the unidentified police officers, who had not been served with process, the court ruled that the suit was irremediably untimely, because the three-year limitations period had passed, and, under Federal Rule of Civil Procedure 15(c), subsequent amendment of the complaint to name them properly would not relate back to the time of the original complaint. As for the suit against the City, the court ruled that municipal liability could not be established where the plaintiff failed to establish the liability of any individual defendant who acted on the City's behalf. The plaintiff contests the court's rulings with respect to the John Doe defendants and the City.

With respect to the timeliness of the plaintiff's suit against the John Doe officers, we conclude that Askins waived the arguments he advances on this appeal by failing to raise them in the trial court. However, we agree with Askins that the dismissal of his claims against the City of New York was error. We therefore vacate the judgment in favor of the City and remand those claims for further consideration.

3

## BACKGROUND

The facts as alleged in the complaint are as follows. On February 13, 2007, Askins entered an apartment building at Park Avenue and 124th Street in Manhattan. Askins is paraplegic and uses a wheelchair. Upon entering the apartment building, he hoisted himself out of his wheelchair and started to pull himself up a flight of stairs. While he was going up the stairs, two uniformed police officers, who did not identify themselves by name, approached him. Askins believed that one of the officers appeared to outrank the other. In this litigation he has identified the ranking officer as Sergeant John Doe and the other as Officer John Doe. The officers immediately began to search his wheelchair and backpack. Sergeant Doe spotted a blue rubber cap attached to the catheter waste bags affixed to Askins's wheelchair and incorrectly believed it was a crack pipe. A continued search of Askins's belongings turned up a kitchen knife. A third officer, Police Officer Symon, arrived and arrested Askins, who was then arraigned for criminal possession of a controlled substance in the seventh degree and criminal trespass in the third degree. All charges against him were dismissed on May 25, 2007.

Nearly three years later, on February 9, 2010, Askins, proceeding *pro se* at the time, filed the initial complaint in this suit. The complaint was served on the City on May 12, 2010, and on Officer Symon on July 21, 2010. Against the police officers, the complaint asserted claims of constitutional torts relating to false arrest and malicious prosecution. Against the City, the complaint asserted a claim of municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), resulting from

4

the torts committed by the police officers. Askins served interrogatories on the City requesting the identities of the Doe defendants. The City returned them, unanswered, asserting that they were premature because Federal Rule of Civil Procedure 26(d) forbids seeking discovery before the parties have conferred as provided in Rule 26(f).

The City and Officer Symon then noticed a motion for summary judgment on the basis of, *inter alia*, qualified immunity. After completion of the summary judgment briefing, but prior to the district court's ruling, Askins obtained counsel. On May 2, 2011, his counsel requested leave to file an amended complaint and asked the district court to defer ruling on the summary judgment motions until he took discovery. With respect to discovery, the judge denied the request, referring to her individual rules, which provided: "As soon as a notice of motion raising the issue of qualified immunity is filed, all discovery is stayed, except for the plaintiff's deposition." *Askins v. City of New York*, No. 12-877 Joint Appendix ("JA") 52. With respect to the request for leave to amend the complaint, the court granted the motion, authorizing the filing of an amended pleading "within 10 days." JA 129. The amended complaint, which counsel timely filed on May 13, 2011, expanded on the municipal liability claims by asserting that the constitutional violations committed by the officers were pursuant to custom and policy established by the City, as required by *Monell*. The amended complaint did not identify the Doe defendants by name and did not significantly alter the allegations against the individual officers.

On February 6, 2012, nearly five years after Askins's claims arose, the district court granted defendants' motions for summary judgment, dismissing all the claims. The court ruled that Officer Symon was entitled to qualified immunity because he had no pre-arrest participation in the facts and arrested Askins in reasonable reliance on his fellow officers' representations that probable cause existed for the arrest. As noted, Askins does not appeal this portion of the district court's ruling.

The trial court further held that any amendment of the complaint to identify Sergeant Doe and Officer Doe by name would be futile because the three-year limitations period on Askins's claims had expired since the filing of the original complaint, and any amended complaint identifying the Doe defendants by name would not relate back to that original complaint under Federal Rule of Civil Procedure 15(c), because failure to name unidentified officers is not a "mistake." Fed. R. Civ. P. 15(c)(1).

The court then turned to the claim of municipal liability. The court ruled that counsel's amendment of the initial *pro se* complaint was "futile." Assuming without deciding that the amended pleading successfully asserted municipal policies and customs that could render the City liable for the torts of its officers, the court nonetheless ruled that the City could not be liable where the plaintiff was unable to establish a violation of his rights because all of the alleged violations against individual officers were either time-barred or barred by the doctrine of qualified immunity.

**DISCUSSION**

**I.  Denial of Leave to Amend the Complaint to Name the Doe Defendants**

When a "denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Hutchinson v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). However, "[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (internal quotation marks omitted); *see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) ("The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." (internal quotation marks and citation omitted)).

In this case, Askins waived any argument that an amended complaint naming the Doe defendants would relate back to the original complaint. He failed to make any such argument in opposition to the defendants' motion for summary judgment. Furthermore, in a May 20, 2011 letter, Askins's counsel wrote to the court that he was "uncertain whether any form of tolling or estoppel would be available to hale the 'John Doe' Defendant Officers into the litigation at this late date." JA 169. It is clear that Askins had the opportunity in the District Court to argue that a new complaint naming the Doe defendants would relate back. For whatever reason, he did not make that argument. Askins does not argue that the district court otherwise erred by subsequently dismissing

7

the claims against the Doe defendants, and because his argument that an amended complaint naming the Doe defendants would relate back to the original complaint was not raised before the trial court, it is deemed to have been waived.

**II. Dismissal of the Municipal Liability Claims**

"We review *de novo* the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013) (internal quotation marks and alterations omitted).

In dismissing Askins's claim against the City, the district court relied on the proposition "that the City cannot be liable under *Monell* where Plaintiff cannot establish a violation of his constitutional rights." JA 189. The court explained: "All of the alleged constitutional violations in this case are either time-barred or barred by the doctrine of qualified immunity. Therefore, it cannot be said that any allegedly illegal City policy caused Plaintiff a constitutional remediable injury, and no *Monell* claim lies against the City." JA 186.

This conclusion reflects a misunderstanding of the relationship between the liability of individual actors and municipal liability for purposes of *Monell*. The court was entirely correct in stating that the City "cannot be liable under *Monell* where Plaintiff cannot establish a violation of his constitutional rights." JA 189. Unless a plaintiff shows that he has been the victim of a federal law tort committed by persons for whose conduct

8

the municipality can be responsible, there is no basis for holding the municipality liable. *Monell* does not create a stand-alone cause of action under which a plaintiff may sue over a governmental policy, regardless of whether he suffered the infliction of a tort resulting from the policy. Liability under section 1983 is imposed on the municipality when it has promulgated a custom or policy that violates federal law and, pursuant to that policy, a municipal actor has torturously injured the plaintiff. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."). Establishing the liability of the municipality requires a showing that the plaintiff suffered a tort in violation of federal law committed by the municipal actors and, in addition, that their commission of the tort resulted from a custom or policy of the municipality. *Monell*, 436 U.S. at 690-91; *see also Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012).

It does not follow, however, that the plaintiff must obtain a *judgment* against the individual tortfeasors in order to establish the liability of the municipality. It suffices to plead and prove against the municipality that municipal actors committed the tort against the plaintiff and that the tort resulted from a policy or custom of the municipality. In fact, the plaintiff need not sue the individual tortfeasors at all, but may proceed solely against the municipality. *See Wilson v. Town of Mendon*, 294 F.3d 1, 7 (1st Cir. 2002) ("There is, however, nothing to prevent a plaintiff from foregoing the naming of an individual officer

9

as a defendant and proceeding directly to trial against the municipality."); *Peterson v. City of Fort Worth*, 588 F.3d 838, 842 (5th Cir. 2009) (plaintiff brought claim for unlawful detention and excessive force against municipality directly under a theory of *Monell* liability, and did not sue any individual officers).

Where the plaintiff does proceed against both the municipal actors alleged to have inflicted the tort and the municipality that promulgated the offensive policy, the plaintiff's failure to secure a judgment against the individual actors would, indeed, preclude a judgment against the municipality *if* the ruling in favor of the individual defendants resulted from the plaintiff's failure to show that they committed the alleged tort. But where the plaintiff has brought a timely suit against the municipality and has properly pleaded and proved that he was the victim of the federal law tort committed by municipal actors and that the tort resulted from an illegal policy or custom of the municipality, the fact that the suit against the municipal actors was untimely, or that the plaintiff settled with them, or abandoned the suit against them, is irrelevant to the liability of the municipality.

By the same token, the entitlement of the individual municipal actors to qualified immunity because at the time of their actions there was no clear law or precedent warning them that their conduct would violate federal law is also irrelevant to the liability of the municipality. Qualified immunity is a defense available only to individuals sued in their individual capacity. "'[M]unicipalities have no immunity from damages for liability flowing from their constitutional violations.'" *Lore v. City of Syracuse*, 670 F.3d 127, 164

10

(2d Cir. 2012) (quoting *Owen v. City of Independence*, 445 U.S. 622, 657 (1980)); *see also Vives v. City of New York*, 524 F.3d 346, 350 (2d Cir. 2008) (noting that "a municipality may not assert qualified immunity based on its good faith belief that its actions or policies are constitutional"). The doctrine that confers qualified immunity on individual state or municipal actors is designed to ensure that the persons carrying out governmental responsibilities will perform their duties boldly and energetically without having to worry that their actions, which they reasonably believed to be lawful at the time, will later subject them to liability on the basis of subsequently developed legal doctrine. *See Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (the doctrine of qualified immunity furthers "the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority" (internal quotation marks omitted)). That policy, however, has no bearing on the liability of municipalities. Municipalities are held liable if they adopt customs or policies that violate federal law and result in tortious violation of a plaintiff's rights, regardless of whether it was clear at the time of the adoption of the policy or at the time of the tortious conduct that such conduct would violate the plaintiff's rights. *See Owen*, 445 U.S. at 656-57. To rule, as the district court did, that the City of New York escapes liability for the tortious conduct of its police officers because the individual officers are entitled to qualified immunity would effectively extend the defense of qualified immunity to municipalities, contravening the Supreme Court's holding in *Owen*.

11

The district court did not rule that Askins failed in his amended complaint to allege that he was the victim of a constitutional tort committed by municipal actors, or that he failed to allege that the tort resulted from an unconstitutional custom or policy of the City, or that the suit against the City was untimely or otherwise defective. So far as the court has ruled up to now with respect to the suit against the City, the court has identified no deficiency in the plaintiff's amended pleading.[1] Accordingly, there was no basis for dismissing the complaint against the City.

We hold that Askins's claims of municipal liability against the City should not have been dismissed by reason of Officer Symon's entitlement to qualified immunity and the untimeliness of Askins's suit against the Doe defendants. We remand for further proceedings relating to the claims against the City. In dismissing the claims against the City, the court assumed without deciding that the amended complaint filed by counsel adequately alleged that Askins's injury resulted from an unconstitutional municipal policy or custom. The court may, of course, return to the question whether the amended complaint appropriately pleads that the torts of the police officers resulted from a custom or policy of the City.

---

[1] In its final ruling dismissing the action, the court described the amended complaint submitted by counsel as a "*proposed* amended complaint." This overlooked the fact that the court, by summary endorsement, had previously authorized counsel to file an amended complaint within ten days and counsel had done so in a timely fashion. On remand, the amended complaint filed on May 13, 2011, should be viewed as the duly filed operative complaint in the action.

**CONCLUSION**

The judgment dismissing the claims against the City is hereby **VACATED**, and this matter is **REMANDED** to the trial court for further proceedings. In all other respects, the judgment is **AFFIRMED**.