14-4529-cv
Delaney v. Farley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

-----------------------------------------------------------------------

BRENDAN DELANEY,

        *Plaintiff-Appellant*,

     v.                                                   No. 14-4529-cv

DR. THOMAS FARLEY, in his official capacity as Commissioner of the New York City Department of Health and Mental Hygiene, DR. LYNN SILVER, Assistant Commissioner New York City Department of Health and Mental Hygiene and Chair for NYCRx Inc., a Not-for-Profit Organization, CITY OF NEW YORK,

        *Defendants-Appellees*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     ANTONIA KOUSOULAS, Kousoulas & Associates, P.C., New York, New York.

APPEARING FOR APPELLEES:     KATHY CHANG PARK (Pamela Seider Dolgow, *on the brief*), Assistant Corporation Counsels, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 10, 2014, is AFFIRMED.

Plaintiff Brendan Delaney appeals the dismissal of his Second Amended Complaint, challenging the district court's determination that his claims for discriminatory and retaliatory termination of employment under 42 U.S.C. § 1983, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") are untimely. We review de novo the dismissal of a complaint under Fed. R. of Civ. P. 12(b)(6), see Askins v. Doe No. 1, 727 F.3d 248, 252–53 (2d Cir. 2013), and may affirm dismissal on any basis supported by the record, see Coulter v. Morgan Stanley & Co., 753 F.3d 361, 366 (2d Cir. 2014). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Each of Delaney's discrimination and retaliation claims is subject to a three-year statute of limitations. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (applying three-year statute of limitations to § 1983 claims brought in New York); Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997) (applying three-year statute of limitations to NYSHRL claims); N.Y.C. Admin. Code § 8-502(d) (applying three-year statute of limitations to NYCHRL claims). That period begins to run from "the time of the discriminatory act," Chardon v. Fernandez, 454 U.S. 6, 8 (1981)

(emphasis omitted), which in this case is the date when Delaney received, whether orally or in writing, "a definite notice of the termination," Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir. 1985); accord Flaherty v. Metromail Corp., 235 F.3d 133, 137 (2d Cir. 2000). That is "the date on which defendants 'had established [their] official position—and made that position apparent to [the plaintiff].'" Economu v. Borg-Warner Corp., 829 F.2d 311, 315 (2d Cir. 1987) (quoting Delaware State Coll. v. Ricks, 449 U.S. 250, 262 (1980)).

We conclude, as the district court did, that defendants gave Delaney definite notice of termination on April 7, 2010. On that date, Dr. Lynn Silver—Delaney's supervisor and one of the individuals responsible for identifying employees who would be laid off, see Second Am. Compl. ¶¶ 53, 55, 64—said to Delaney, "I hope you signed up to attend a layoff session," id. ¶ 72. Consistent with allegations in his original complaint, Delaney conceded at oral argument that in response to this statement, he asked Silver if he was being laid off, to which Silver responded, "Yes. It's the budget." Compl. ¶ 334. This conclusively demonstrates that by April 7, 2010, defendants "had established [their] official position—and made that position apparent to" Delaney. Economu v. Borg-Warner Corp., 829 F.2d at 315 (internal quotation marks omitted).

Delaney nevertheless argues that he did not have definite notice of termination until April 28, 2010, when he was informed in writing that his employment would end on May 14, 2010. See Second Am. Compl. ¶ 76. We have not identified communication of a final work day as an essential component of definite notice of termination. For example, in Economu v. Borg-Warner Corp., we concluded that plaintiff "received . . .

3

sufficiently definite" notice as of the date of a meeting at which corporate officers informed plaintiff's lawyer that the company "was no longer interested in [plaintiff's] services." 829 F.2d at 314–16. In reaching this conclusion, we did not consider whether a specific termination date was communicated to counsel at the meeting.

Equally unavailing is Delaney's argument that discussions about budget cuts and layoffs were ongoing on April 7, 2010. Indeed, "the mere possibility that the decision might be reversed [is] not enough to label it advisory or ineffective for time-bar purposes." Miller v. Int'l Tel. & Tel. Corp., 755 F.2d at 24 (concluding that plaintiff received definite notice of termination when orally informed "that he would, absent exceptional circumstances, be removed from the payroll on April 1, 1979," despite fact that personnel department had not yet voted to approve termination). We therefore conclude that the applicable three-year statutes of limitations for Delaney's claims began to run on April 7, 2010.

Delaney argues that this conclusion cannot apply to his sex discrimination claims because he did not learn that he was replaced by a female employee until May 24, 2010. Delaney does not appear to have raised this argument in the district court and, indeed, mentions it only in a footnote in his opening brief to this court. Generally, we do not consider arguments raised only in footnotes, see Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998), nor do we consider "issue[s] raised for the first time on appeal," Otal Inv. Ltd. v. M/V Clary, 673 F.3d 108, 120 (2d Cir. 2012). We see no reason to depart from these rules in this case. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129,

4

133 (2d Cir. 2008) (recognizing this court's "discretion to consider arguments waived below" if "necessary to avoid a manifest injustice").

Accordingly, all of Delaney's claims for discriminatory and retaliatory termination of employment accrued on April 7, 2010.  Because Delaney did not commence this action in state court until April 20, 2013, more than three years later, the district court correctly concluded that his claims were time-barred.[1]

We have considered Delaney's remaining arguments and conclude that they are without merit.  Therefore, the district court's judgment of dismissal is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Delaney also alleges a municipal liability claim against the City of New York on the basis that the individuals who made the decision to terminate his employment are policymakers.  See Second Am. Compl. ¶¶ 101, 107.  On appeal, Delaney does not challenge the district court's conclusion that because his underlying constitutional claims are time-barred, his claim for municipal liability similarly fails.  Accordingly, we need not consider Delaney's argument that his Amended Complaint, in which he first asserted his claim for municipal liability, relates back to the date on which he filed his original pleading.