# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand fifteen.

PRESENT:
            BARRINGTON D. PARKER,
            GERARD E. LYNCH,
            SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

In re: FIORANO TILE IMPORTS, INC.,
            *Debtor*,

CHERRY VALLEY ASSOCIATES, LLC,
            *Creditor-Appellant*,

                    v.                                          14-3915

FIORANO TILE IMPORTS, INC.,
            *Debtor-Appellee*.

_____

**FOR APPELLANT:**        Richard V. Kanter, Melville, NY.

**FOR APPELLEE:**         Anthony F. Giuliano, Scott L. Swanson, Pryor & Mandelup, L.L.P., Westbury, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *J.*) affirming the June 20, 2013 Confirmation Order of the United States Bankruptcy Court (Alan S. Trust, *J.*) on the ground that the appeal is equitably moot.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Cherry Valley Associates, LLC ("Cherry Valley") challenges the bankruptcy court's order confirming the seventh amended plan of reorganization (the "Plan") of the debtor-appellee, Fiorano Tile Imports, Inc. The district court found that the Plan was substantially consummated under 11 U.S.C. § 1101(2) of the Bankruptcy Code, so that the presumption of equitable mootness applied, and that the presumption was not rebutted by Cherry Valley.

As an initial matter, most of the arguments that Cherry Valley raises on appeal were not raised below. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." Askins v. Doe No. 1, 727 F.3d 248, 252 (2d Cir. 2013) (internal quotation marks omitted). This "court has discretion to consider arguments waived below," and will exercise that discretion "where necessary to avoid a manifest injustice." In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 133 (2d Cir. 2008). However, "the circumstances normally do not militate in favor of an exercise of discretion to address . . . new arguments on appeal where those arguments

were available to the [parties] below and they proffer no reason for their failure to raise the arguments below." Id. (alterations in original) (internal quotation marks omitted).

In the district court, Cherry Valley argued only that the case was not equitably moot because the Plan had not been substantially consummated. In this Court, Cherry Valley "does not challenge" the district court's findings that "[t]he Seventh Amended Plan was . . . substantially consummated under § 1101(2) of the Bankruptcy Code" and that it failed to rebut the presumption of equitable mootness, Brief for Creditor-Appellant at 14, and instead primarily argues that equitable mootness should not apply because of the debtor's lack of good faith or unclean hands. Because those arguments were not raised below, they have been forfeited.

Nor do we find it necessary to consider those arguments to prevent manifest injustice. Cherry Valley argues that it could not have raised the arguments below because In re Chateaugay Corp., 10 F.3d 944 (2d Cir. 1993) made these arguments "unavailable, as a matter of law, in the district court." Reply Brief for Creditor-Appellant at 5. Cherry Valley, however, could have argued to the district court that Chateaugay should be distinguished, or that equitable mootness should not apply for the reasons it presses on its appeal. To the extent that Cherry Valley contends that the arguments would have failed in the district court because Chateaugay controls this case, the same precedent is equally binding on a panel of this Court. "[A] panel of our Court is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585

3

F.3d 58, 67 (2d Cir. 2009) (internal quotation marks omitted). To the extent Cherry Valley seeks to preserve any argument that Chateaugay should be overruled, it could and should have presented that argument below, as it does here, in order to preserve it for review before this Court sitting en banc or before the Supreme Court.

The only argument that Cherry Valley raises on appeal that it did raise in the district court is its contention that the court was required to consider the propriety of confirming the Plan *before* deciding whether the case was equitably moot. We review the district court's decision on equitable mootness for abuse of discretion. In re Charter Commc'ns, Inc., 691 F.3d 476, 483 (2d Cir. 2012). As our precedent makes clear, the doctrine of equitable mootness permits a court to decide whether an action should be dismissed before reaching the underlying merits of the appeal. See id. at 484; In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir. 1993). The district court did not err by following binding Second Circuit precedent and holding that Cherry Valley's claims were equitably moot without first considering the propriety of the Plan.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4