Gomez v. County of Westchester

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May two thousand sixteen.

PRESENT:
> AMALYA L. KEARSE,
> RALPH K. WINTER,
> DENNIS JACOBS,
> > <u>Circuit Judges</u>.

_____

SANTIAGO GOMEZ,

<u>Plaintiff-Appellant</u>,

FRANK GENCO, GERALD CHARLES, GERARD CHARLES, PEDRO LLERANDEZ, PAUL CALDWELL, SHAWN THOMAS, ANTOINE WALKER, JEFFREY DELOSANTOS, STEVEN LEWIS,

<u>Plaintiffs</u>,

v.          15-879

COUNTY OF WESTCHESTER, CORRECT CARE SOLUTIONS L.L.C., KEVIN M. CHEVERKO, Westchester County Jail Commissioner, HAMAD SKINNER,

**CHRISTINA ZELESKI, NEW YORK**
**CORRECT CARE SOLUTIONS MEDICAL**
**SERVICES P.C.,**

**Defendants-Appellees.**[*]

_____

**FOR PLAINTIFF-APPELLANT:**          Santiago Gomez, pro se, Malone, NY.

**FOR COUNTY OF WESTCHESTER**          Thomas G. Gardiner, Sr. Assistant County
**and KEVIN M. CHEVERKO:**             Attorney, James Castro-Blanco, Chief
                                       Deputy County Attorney, for Robert F.
                                       Meehan, County Attorney for the County of
                                       Westchester, White Plains, NY.

**FOR CORRECT CARE SOLUTIONS L.L.C.,**   James C. Freeman, Kent Hazzard, LLP,
**HAMAD SKINNER, CHRISTINA ZELESKI,**    White Plains, NY.
**and NEW YORK CORRECT CARE**
**SOLUTIONS MEDICAL SERVICES P.C.:**

Appeal from a judgment of the United States District Court for the Southern District of

New York (Abrams, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court be **AFFIRMED**.

Santiago Gomez, pro se, appeals from a judgment in favor of defendants in his 42 U.S.C.

§ 1983 suit alleging deliberate indifference to his serious medical needs.   We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6),

construing the complaint liberally, accepting all factual allegations in the complaint as true, and

drawing all reasonable inferences in the plaintiff's favor."   Chambers v. Time Warner, Inc., 282

---

[*]  The Clerk of Court is directed to amend the official caption in this case to conform to the listing
of the parties above.

2

F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations contained in the complaint, that requirement is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

The district court properly dismissed Gomez's § 1983 claims. To establish a constitutional claim arising out of inadequate medical care, an inmate must prove that prison or jail officials were deliberately indifferent to his serious medical needs. Smith v. Carpenter, 316 F.3d 178, 183 (2d Cir. 2003); see also Caiozzo v. Koreman, 581 F.3d 63, 70-71 (2d Cir. 2009) (same standard applies to claims brought by pretrial detainees pursuant to the Fourteenth Amendment).

The standard entails two showings: objective and subjective. As an objective matter, the plaintiff must show that the alleged deprivation of medical care was "sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The subjective showing is akin to criminal recklessness: that the defendant officials acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." Id. at 280.

We agree with the district court that Gomez failed to allege facts from which recklessness could be plausibly inferred with respect to the care he received for his oral infection in November 2012.[1] Although a lengthy, unjustifiable delay in providing necessary medical treatment might

---

[1] Gomez does not challenge the district court's determination that his only other exhausted claim, the deprivation of dental floss, was not a sufficiently serious deprivation. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (a litigant, even one who is pro se, abandons an issue by failing to raise it in his appellate brief). His other potential claim—relating to his August 2012 dental care—was properly dismissed for failure to exhaust administrative remedies. While

3

evidence deliberate indifference, see Harrison v. Barkley, 219 F.3d 132, 138 (2d Cir. 2000), the facts alleged here do not suggest such a state of mind. Cf. id. Gomez complained about severe tooth pain on a Sunday evening.[2] The following day, he was examined by a nurse practitioner, who said Gomez was "ok" but that she would refer him to a dentist and provide pain medication. Gomez received pain medication that evening. Gomez was treated by a dentist on Thursday of the same week, four hours after he reported that his condition had worsened. The nurse practitioner's failure to diagnose Gomez's infection may have prevented Gomez from receiving emergency treatment by a dentist; but Gomez's allegations at most support an inference of negligence. See Salahuddin, 467 F.3d at 280 ("[R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice alone does not amount to deliberate indifference).

Accordingly, the district court properly dismissed Gomez's deliberate indifference claim for failure to state a claim. And because Gomez failed to plausibly allege an underlying constitutional violation, the district court properly dismissed his claims for municipal liability. See, e.g., Askins v. Doe No. 1, 727 F.3d 248, 253-54 (2d Cir. 2013).

---

Gomez suggests in his appellate brief that the November 2012 oral infection was "connected" to the dental care he received in August of that year, Br. of Appellant at 2, his November 2012 grievances challenged only the alleged four-day delay in receipt of pain medication and antibiotics in November, and cannot reasonably be construed to grieve the August treatment. See App'x of Appellant, Exs. 9-10. And in any event, Gomez does not challenge on appeal the district court's alternative holding that a claim arising from the August 2012 care would fail the subjective portion of the deliberate indifference test. See LoSacco, 71 F.3d at 92-93.

[2] Gomez's appellate brief states that he had filed a sick call request approximately 5 days prior to this Sunday complaint. This allegation, which does not appear in the complaint, does not alter our conclusion.

4

Gomez contends that the district court should have interpreted his complaint as raising a First Amendment retaliation claim. To prove such a claim, "a prisoner must show . . . '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'" Espinal v. Goord, 558 F.3d 119, 128 (2d Cir. 2009) (quoting Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004)). A single sentence of the complaint alleges that "[o]n information and belief Mr. Gomez was denied medical attention for the filing of a federal claim against [Correct Care Solutions]." As Gomez argues, a district court is obligated to construe pro se complaints to raise the strongest claims they suggest; however, he failed to provide any *factual* allegations to plausibly support a causal connection between his other lawsuit and the alleged denial of medical care. Accordingly, even had the district court interpreted this one sentence as raising a First Amendment retaliation claim, Gomez failed to plead facts sufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 570.

We have considered Gomez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk