18-2099
Collymore v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 11th day of April, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
                   *Circuit Judges*,
             RICHARD K. EATON,
                   *Judge*.[1]

_____

ROBIN COLLYMORE,

                   *Plaintiff-Appellant*,

            v.                                          18-2099-cv

CITY OF NEW YORK, LISA MALUF, DAVID KIRKS,
and MATTHEW AUSTIN, in their individual capacities,

                   *Defendants-Appellees*.

_____

Appearing for Appellant:     Special Hagan, St. Albans, N.Y.

Appearing for Appellees:     Lorenzo Di Silvio (Devin Slack, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

---

[1] Judge Richard K. Eaton, United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

   **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

   Appellant Robin Collymore appeals from the June 15, 2018, judgment of the United States District Court for the Southern District of New York (Swain, *J.*) dismissing her claims of sex and race discrimination, Title VII and Section 1983 retaliation, First Amendment retaliation, and *Monell* liability for failure to state a claim and declining to exercise supplemental jurisdiction over her state- and local-law claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

   Collymore is an African American woman who was employed as a Project Manager for the Emergency Communications Transformation Program ("ECTP") in New York City's Department of Information Technology and Telecommunications from August 3, 2015, to June 28, 2016. Over the course of those nearly eleven months, Collymore claims that she was the victim of sex and race discrimination and of retaliation for first reporting the discrimination against her and later reporting that her supervisor Matthew Austin violated the agency's code of conduct when he instructed Collymore and other employees to hide documents during an ongoing investigation by the Department of Investigation. Collymore also claims that the City of New York has a policy of violating employees' constitutional rights by not addressing complaints of discrimination and by retaliating against employees for engaging in protected activities. Lastly, she claims that Defendants-Appellees violated New York Executive Law § 296 and New York City Administrative Code § 8-107 and argues that the district court abused its discretion by declining to exercise supplemental jurisdiction over those claims.

   We review a district court's grant of a motion to dismiss de novo. *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). We review a district court's decision of whether to exercise supplemental jurisdiction over state- and local-law claims for abuse of discretion. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305-06 (2d Cir. 2003).

  1. Discrimination Claims

   To state a Title VII claim, Collymore must plausibly allege that "(1) the employer discriminated against [her] (2) because of [her] race, color, religion, sex, or national origin." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015). As to the first element, "[a] plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotation marks omitted). An adverse employment action also "includes requiring people to work in a discriminatorily hostile or abusive environment." *Littlejohn*, 795 F.3d at 320 (internal quotation marks omitted). As to the second element, a plaintiff's protected characteristic must be "a substantial or motivating factor contributing to the employer's decision to take the action." *Vega*, 801 F.3d at 85 (internal quotation marks omitted).

2

Collymore also brings claims under 42 U.S.C. § 1983.[2] "To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." *Id.* at 87-88 (internal quotation marks omitted). "Once the color of law requirement is met, a plaintiff's equal protection claim parallels h[er] Title VII claim, except that a § 1983 claim, unlike a Title VII claim, can be brought against an individual." *Id.* at 88 (internal quotation marks omitted).

## A. Sexual Harassment Claims

Collymore alleges that Lisa Maluf, her indirect supervisor, sexually harassed her by inappropriately touching her, but Collymore has failed to plausibly allege that her sex was a "substantial or motivating factor contributing to" Maluf's decision to inappropriately touch her. *Id.* at 85 (internal quotation marks omitted). Collymore does not make any allegations regarding Maluf's motivation for inappropriately touching her, and her allegation that "Maluf regularly touched others the same way" indicates that Maluf's harassment was not motivated by Collymore's sex. App'x at 20. Collymore has therefore failed to allege that Maluf's unwanted touching was because of Collymore's sex.

## B. Race Discrimination Claims

Collymore alleges that Maluf and Austin discriminated against her because of her race by yelling at her and scrutinizing her work more closely than white employees' work, by paying her at a comparable rate to a similarly situated white woman in the department despite Collymore's superior education and experience, and by chastising her for making overtime requests or denying them altogether. The allegations here are insufficient to constitute an actionable change in the terms and conditions of employment and are more in the nature of petty slights. *See Shultz v. Congregation Shearith Israel of N.Y.*, 867 F.3d 298, 308-09 (2d Cir. 2017) (rejecting claim of discrimination based on a "handful of uncomfortable incidents," such as plaintiff overhearing supervisor's negative comments and members of management refusing to speak with plaintiff, "over a period of just a few weeks"). Collymore's allegation that a similarly situated white woman with less education and less experience was paid at a comparable rate to Collymore is similarly nonactionable because Collymore has not alleged a reason that her master's degree should have entitled her to higher, as opposed to comparable, pay and does not allege how much more experience she has than her white counterpart. *Cf. Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001) (requiring allegations of pay discrimination under the Equal Pay Act, which is generally construed under a similar framework to Title VII, to state that employees performed equal work under similar working conditions but received unequal pay). Collymore's complaints of discrimination in her overtime requests are also unavailing because Collymore has not alleged any facts indicating how frequently she was *denied* overtime when she worked

---

[2] Counts 1 through 4 of Collymore's complaint allege violations of 42 U.S.C. § 1981, but the district court properly construed Collymore's Section 1981 claims as Section 1983 claims because "the express cause of action for damages created by § 1983 constitutes the *exclusive federal remedy* for violation of the rights guaranteed in § 1981 by state governmental units." *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018) (internal quotation marks omitted).

beyond her hours as opposed to how frequently she was simply *chastised* for her overtime requests. Since Collymore has not pled that she was denied overtime frequently enough to constitute a change in the terms and conditions of her employment, *see Galabya*, 202 F.3d at 640, her claims of race discrimination fail.

2. Title VII and Section 1983 Retaliation Claims

Collymore alleges that Maluf and Austin retaliated against her on several occasions for reporting Maluf's sexual harassment and Maluf and Austin's racial discrimination. "To establish a presumption of retaliation at the initial stage of a Title VII litigation," Collymore must plausibly allege (1) that she participated "in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action" was taken against her; and (4) there was "a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 315-16 (internal quotation marks omitted). "[A]n adverse employment action is any action that could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Vega*, 801 F.3d at 90 (internal quotation marks omitted). "[N]ormally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). To satisfy the requirement of a causal connection, "the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Vega*, 801 F.3d at 90. At the pleadings stage, causation may be satisfied by allegations that "each of the adverse actions" defendants took "occurred against a backdrop of continuing antagonism and frustration of [the plaintiff's] professional ambitions." *Duplan v. City of New York*, 888 F.3d 612, 626 (2d Cir. 2018). Finally, "the elements of a retaliation claim based on an equal protection violation under § 1983 mirror those under Title VII." *Vega,* 801 F.3d at 91.

The majority of Collymore's allegations that Maluf and Austin were harsh with her and yelled at her falls into the category of nonactionable "petty slights, minor annoyances, and simple lack of good manners." *Burlington N. & Santa Fe Ry.*, 548 U.S. at 68. However, Collymore's allegation that after she complained about Maluf's sexual harassment, Maluf and Austin forced her to work through her lunch hour despite knowing that Collymore needed to maintain a specific lunch hour to prevent migraines plausibly states a claim for retaliation under Title VII and Section 1983. By forcing Collymore to work through her lunch hour and thereby causing Collymore to "develop[] migraines on a regular basis," App'x at 21-22, ¶ 77, Maluf and Austin forced Collymore to choose between reporting discrimination and maintaining her health. It is therefore plausible that a reasonable worker in Collymore's position would decline to report discrimination in order to conserve their health. Because Collymore has alleged facts indicating that Defendants-Appellees' retaliation "occurred against a backdrop of continuing antagonism and frustration of [her] professional ambitions," *Duplan*, 888 F.3d at 626, Collymore has also sufficiently alleged a causal connection between her protected activity and the retaliatory acts. Collymore's allegations of retaliation based on Maluf and Austin forcing her to work through her lunch hour for reporting discrimination plausibly state a claim of retaliation under Title VII and Section 1983.

### 3. First Amendment Retaliation Claim

Collymore next alleges that Defendants-Appellees retaliated against her by attempting to bring disciplinary charges against her, scrutinizing her work, and denying her overtime requests when she exercised her First Amendment rights to report that Austin had violated the code of conduct. A public employee alleging she suffered an adverse employment action in retaliation for exercising her First Amendment rights "must initially show that (1) the speech at issue was made as a citizen on matters of public concern rather than as an employee on matters of personal interest, (2) he or she suffered an adverse employment action, and (3) the speech was at least a substantial or motivating factor in the adverse employment action." *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006) (alterations omitted) (internal quotation marks omitted). Defendants-Appellees do not dispute that Collymore raised matters of public concern regarding Austin's violation of the code of conduct. Collymore's allegations of retaliatory conduct, however, are not "more than de minimis," and she has failed to state a plausible claim that "a person of ordinary firmness" would be deterred from exercising her free speech rights. *Id.* at 226 (internal quotation marks omitted).

### 4. *Monell* Claims

Collymore's *Monell* claims fail because she has not "establish[ed] a violation of [her] constitutional rights" pursuant to a custom or policy that violates federal law. *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013) (internal quotation marks omitted). Collymore bases her *Monell* claims on disparate treatment due to race under the Fourteenth Amendment and retaliation for exercising her First Amendment rights. Since we affirm the dismissal of both of those underlying substantive claims, Collymore has not established a violation of her constitutional rights, and her *Monell* claims must likewise be dismissed.

### 5. Supplemental Jurisdiction over Collymore's State- and Local-Law Claims

Collymore argues that the district court should have exercised supplemental jurisdiction over her claims under New York Executive Law § 296 and New York City Administrative Code § 8-107 and for aiding and abetting violations of the same. A court has discretion to decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). Because we conclude that the district court erred in dismissing one of the claims over which it has original jurisdiction, we also hold that the district court erred by declining to exercise supplemental jurisdiction over Collymore's state- and local- law claims.

We have considered the remainder of Collymore's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED in part and VACATED in part and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6