24-1039-cv
*Gotfryd v. City of Newburgh*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

ELKA GOTFRYD,

> *Plaintiff-Appellant*,

v.                                                                           24-1039-cv

CITY OF NEWBURGH, ALEXANDRA CHURCH, AND JOSEPH DONAT,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:          MICHAEL H. SUSSMAN, Sussman & Goldman, Goshen, NY.

FOR DEFENDANTS-APPELLEES:          RICHARD K. ZUCKERMAN, Edward J. Phillips, Keane & Beane P.C., Melville, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Elka Gotfryd served as the City Planner for the City of Newburgh (the "City") from February 2020 until March 2021, when she was terminated by the City Manager, Joseph Donat. Gotfryd sued the City, Donat, and her supervisor, Alexandra Church (collectively, "Defendants"), asserting that they had retaliated against her for opposing discriminatory housing and development policies, in violation of the First Amendment and the Equal Protection Clause. The district court granted Defendants' motion for summary judgment on all claims. *See* Special App'x at 11-16.

"We review the district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Booker v. Graham*, 974 F.3d 101, 106 (2d Cir. 2020) (quotation marks omitted). We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

## I. First Amendment Claim

"To survive summary judgment on a First Amendment retaliation claim, a public employee must bring forth evidence showing that he has engaged in protected First Amendment activity, he suffered an adverse employment action, and there was a causal connection between the protected activity and the adverse employment action." *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97,

114 (2d Cir. 2011) (quotation marks omitted). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). Speech made "pursuant to" a public employee's job duties includes "speech that owes its existence to a public employee's professional responsibilities." *Id.*

Gotfryd asserts that she was terminated "because she opposed discriminatory practices." Joint App'x at 19. Even if that were true, Gotfryd's speech is not protected by the First Amendment because it "owes its existence" to her professional responsibilities. *Garcetti*, 547 U.S. at 421. This includes (1) her comments on the City's housing-needs assessment, (2) her memo to the Newburgh Housing Coalition on the City's letterhead that listed "working goals" for her "tenure as City Planner," (3) the opinions that she emailed to colleagues about code enforcement, (4) the grant application that she prepared on behalf of the City, and (5) her unauthorized meeting with a state grant director. We agree with the district court that Gotfryd's "own statements in her emails and her affidavit belie her assertion that she acted as a citizen and not an employee." Special App'x at 11.

Gotfryd argues that her speech is nevertheless protected because "each time [she] raised concern that City housing or anti-displacement policies did not strongly enough oppose racism in Newburgh, her supervisor claimed that such concern was *outside* the scope of her employment and sought to curb such expression." Appellant's Br. at 17. But "[w]hen a government employee concededly engages in speech pursuant to his official duties, the fact that he persists in such speech after a supervisor has told him to stop does not, without more, transform his speech into protected

3

speech made as a private citizen." *Anemone*, 629 F.3d at 116. Gotfryd insists that *Anemone* does not bar her claim because "she was *not* employed to make recommendations on how [the City's] housing policy could be more anti-racist." Appellant's Br. at 21. But nor was the security director in *Anemone* hired to report suspected corruption to the District Attorney against the direction of his supervisor—and his speech on that issue was not protected. *See Anemone*, 629 F.3d at 116-17. The test is not whether the City hired Gotfryd to make the speech; it is whether her speech "owes its existence to [her] professional responsibilities." *Garcetti*, 547 U.S. at 421. Accordingly, Gotfryd's First Amendment retaliation claim fails because her speech as a public employee was not protected.

## II.    Equal Protection Claim

"[A] state employee may bring a retaliation claim under § 1983 against a supervisor who, acting under color of law, retaliates against him for opposing discrimination in the terms of his employment." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82 (2d Cir. 2015). Such "an equal protection claim parallels a plaintiff's Title VII claim." *Id.* (cleaned up).

Gotfryd alleges that Defendants retaliated against her "because she opposed discriminatory language and behavior, advocated for minority communities, and positively associated with minority leaders." Joint App'x at 19. But that cannot support a retaliation claim under *Vega*.[1] Title VII's anti-retaliation provision, as extended to the Equal Protection Clause by *Vega*, prohibits "retaliation on account of an employee's having opposed, complained of, or sought remedies for,

---

[1] Gotfryd expressly asserts that her Equal Protection claim is brought under the holding of *Vega*. *See* Appellant's Br. at 28-29. Accordingly, we do not consider any other theory under which such a claim might be asserted.

*unlawful workplace discrimination.*" *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013) (emphasis added); *see* 42 U.S.C. § 2000e-3(a). Gotfryd's opposition to the City's allegedly discriminatory *housing and development* policies does not concern an unlawful *employment* practice, as required by *Vega*. Accordingly, Gotfryd's Equal Protection retaliation claim fails as a matter of law.

## III.    *Monell* **Claims**

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Unless a plaintiff shows that he has been the victim of a federal law tort committed by persons for whose conduct the municipality can be responsible, there is no basis for holding the municipality liable." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013).

Because Gotfryd's First Amendment and Equal Protection claims against Church and Donat fail, her *Monell* claims against the City must likewise be dismissed.

\*       \*       \*

We have considered the remainder of Gotfryd's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5