Peter PANSE, Plaintiff–Appellant,

v.

Kenneth W. EASTWOOD, Individually, Vincent Crescenzo, Individually, Richard Zuckerman, Individually, Ann E. Anzini, Individually, Elyse Anzini, Individually, and The Enlarged City School District of Middletown, New York, Defendants–Appellees.

No. 07–3325–cv.

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

Drita Nicaj (Jonathan Lovett, on the brief), Lovett & Gould, LLP, White Plains, N.Y., for Appellant.

Peter J. Biging, Lewis Brisbois Bisgaard & Smith LLP, New York, N.Y., for Appellees Ann E. Anzini and Enlarged City School District of Middletown, New York.

Sharon N. Berlin (Scott M. Karson and Michael F. Mullen, on the brief), Lamb & Barnosky, LLP, Melville, N.Y., for Appellees Kenneth W. Eastwood, Vincent Crescenzo and Richard Zuckerman.

Richard M. Franchi, Law Office of Richard Franchi, New Haven, C.T., for Appellee Elyse Anzini.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Peter Panse appeals the district court's dismissal of his First Amendment retaliation action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Panse v. Eastwood,* No. 06 Civ. 6697, 2007 WL 2154192 (S.D.N.Y. July 20, 2007). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews de novo a district court's grant of a motion to dismiss, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) (citations and quotation marks omitted).

The district court analyzed Panse's complaint under *Garcetti v. Ceballos,* which held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). In *Garcetti,* the Court did not decide whether its analysis "would apply in the same manner to a case involving speech related to scholarship or teaching" because "[t]here is some argument that expression related to academic scholarship or classroom instruction implicates additional constitutional interests that are not fully accounted for by this Court's customary employee-speech jurisprudence." *Id.* at 425, 126 S.Ct. 1951.

It is an open question in this Circuit whether *Garcetti* applies to classroom instruction. *Compare Mayer v. Monroe County Cmty. Sch. Corp.,* 474 F.3d 477, 478–79 (7th Cir.2007) (relying on *Garcetti* to uphold the dismissal of a First Amendment claim brought by a public school teacher related to a statement made in a current-events class) *with Lee v. York County Sch. Div.,* 484 F.3d 687, 695 n. 11 (4th Cir.2007) (declining to apply *Garcetti* to case involving speech related to teaching).

We have held that school administrators may limit the content of school-sponsored speech so long as the limitations are " 'rea-

sonably related to legitimate pedagogical concerns.'" *See Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Educ.,* 42 F.3d 719, 722 (2d Cir.1994) (quoting *Hazelwood Sch. Dist. v. Kuhlmeier,* 484 U.S. 260, 266–67, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988)). "Whether a school official's action is reasonably related to a legitimate pedagogical concern 'will depend on, among other things, the age and sophistication of the students, the relationship between teaching method and valid educational objective, and the context and manner of the presentation.'" *Id.* at 723–24 (quoting *Ward v. Hickey,* 996 F.2d 448, 453 (1st Cir.1993)).

But we need not resolve the issue of whether *Garcetti* or some other standard applies here because Panse does not raise this issue on appeal and his claim would fail regardless of the standard.

Panse argues only that the district court erred in granting defendants' motion without discovery or findings of fact as to the official in-class duties of a high school art teacher employed by the Enlarged City School District of Middletown, New York. However, the district court did not err in concluding that it is clear from the complaint that Panse's statements were made pursuant to his official job duties as a high school art teacher. Panse's statements—encouraging his students to participate in a for-profit course he was considering teaching outside of school that would include the drawing and sketching of nude models—were made to his own students, at school, during class, concerning a topic that he alleges he believed to be of importance to their continuing art education. Panse does not argue that defendants' alleged restrictions on his speech were not reasonably related to the legitimate pedagogical concerns of limiting commercial solicitation during class time and investigating potentially inappropriate discussion of

material that could be construed as being of a sexual nature.

We have considered the other arguments raised by Panse on appeal and find them to be without merit. Accordingly, the judgment of the District Court hereby is AFFIRMED. Defendants' request for costs is DENIED.