16-4164-cv
Lee-Walker v. NYC Dep't of Educ.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand seventeen.

PRESENT:   AMALYA L. KEARSE,
                      DEBRA ANN LIVINGSTON,
                      RAYMOND J. LOHIER, JR.,
                            *Circuit Judges*.

------------------------------------------------------------------

JEENA LEE-WALKER,

                            *Plaintiff-Appellant*,

                      v.                                            No. 16-4164-cv

NEW YORK CITY DEPARTMENT OF
EDUCATION, FRED WALSH, individually,
STEPHEN NOONAN, individually,
CHRISTOPHER YARMY, individually, BENNY
UREANA, individually,

                            *Defendants-Appellees*.

------------------------------------------------------------------

FOR APPELLANT:  STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, New Paltz, NY.

FOR APPELLEES:  JONATHAN A. POPOLOW (Jane Lori Gordon, on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, Judge).   UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Jeena Lee-Walker appeals from a judgment of the District Court (Koeltl, J.) dismissing her claim under 42 U.S.C. § 1983 against the New York City Department of Education ("DOE") and individual defendants Fred Walsh, Stephen Noonan, Christopher Yarmy, and Benny Ureana.   The District Court held that Lee-Walker did not engage in speech protected by the First Amendment and in the alternative that the individual defendants were entitled to qualified immunity for their actions.   We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Citing Garcetti v. Ceballos, DOE argues that the First Amendment does not protect Lee-Walker's speech about the "Central Park Five" case because she did not "speak as a citizen addressing matters of public concern." 547 U.S. 410, 417 (2006). In Garcetti, the Supreme Court held that where an employee does not speak as a citizen on a matter of public importance, "the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." Id. at 418. As the Court explained, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. at 421.

Lee-Walker responds that a pre-Garcetti case involving speech by educators, Hazelwood School District v. Kuhlmeier, 484 U.S. 260 (1988), not Garcetti, controls this case. Under the Hazelwood standard, we determine whether limits on the content of school sponsored speech are "reasonably related to legitimate pedagogical concerns." Id. at 273.

We conclude that the individual defendants are entitled to qualified immunity because their alleged conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have

3

known." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (quotation marks omitted). "To determine whether a right is clearly established, we look to (1) whether the right was defined with reasonable specificity; (2) whether Supreme Court or court of appeals case law supports the existence of the right in question, and (3) whether under preexisting law a reasonable defendant would have understood that his or her acts were unlawful." Scott v. Fischer, 616 F.3d 100, 105 (2d Cir. 2010). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al–Kidd, 563 U.S. 731, 741 (2011).

Neither Garcetti nor Hazelwood clearly governs this case. In our only decision directly addressing the issue, we explicitly stated that "[i]t is an open question in this Circuit whether Garcetti applies to classroom instruction," and we chose "not [to] resolve the issue." Panse v. Eastwood, 303 F. App'x 933, 934–35 (2d Cir. 2008). For that reason, there was no clearly established law premised on Garcetti under which the defendants would understand that Lee-Walker's speech was protected by the First Amendment, and the defendants could have reasonably believed that Garcetti stripped her of those protections. Because we decide the claims against the individual defendants on the basis of qualified

4

immunity, we need not reach the issue of whether Garcetti in fact applies to speech made by educators as a constitutional matter. See Pearson v. Callahan, 555 U.S. 223, 236 (2009). Nor is it clear how, if at all, Garcetti displaces Hazelwood or our decision in Silano v. Sag Harbor Union Free School District Board of Education, 42 F.3d 719 (2d Cir. 1994), on which Lee-Walker also relies, in the context of speech by a public school teacher. Hazelwood, after all, resolved the very different question whether school officials could restrict student contributions to a school-sponsored newspaper, even without threat of imminent disruption. And in Silano we applied the Hazelwood standard in the case of a guest lecturer at a public high school and concluded that the school had legitimate pedagogical reasons for restricting the speech at issue. 42 F.3d at 723. For these reasons we agree with the District Court's dismissal of the claim against the individual defendants on qualified immunity grounds.

Because qualified immunity is available only to individuals sued for damages in their individual capacity, Soto v. Gaudett, 862 F.3d 148, 162 (2d Cir. 2017), it has no bearing on DOE's liability. DOE may be held liable if it has "adopt[ed] customs or policies that violate federal law and result in tortious violation of a plaintiff's rights." Askins v. Doe No. 1, 727 F.3d 248, 254 (2d Cir.

5

2013); see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978). We conclude that Lee-Walker's allegations that DOE acted pursuant to its practices, customs, and policies are insufficient to state a plausible Monell claim against DOE. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

Lee-Walker also argues that she should have been allowed to amend her complaint to introduce requests for equitable relief from DOE. However, the District Court denied her motion for leave to amend as moot, noting that at argument Lee-Walker stated "that she did not seek to file an amended complaint if her First Amendment claim was dismissed." App'x 135. Lee-Walker does not contend that she did not so state; her First Amendment claims were properly dismissed for the reasons discussed above; and therefore there was no abuse of discretion in the District Court's denial of leave to amend.

We have considered Lee-Walker's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court