*Thomas v. Genova*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand twenty-five.

PRESENT:
>     RICHARD J. SULLIVAN,
>     EUNICE C. LEE,
>         *Circuit Judges*,
>     CHRISTINA C. REISS,
>         *Judge.*[*]

_____

DARREN E. THOMAS, MARLENE THOMAS,

　　　　*Plaintiffs-Appellants*,

　　　　v.　　　　　　　　　　　　　　No. 23-7452

LEONARD GENOVA, CHRISTOPHER GIOIA, THE TOWN OF OYSTER BAY, CHRISTINA F.

_____

[*] Chief Judge Christina C. Reiss, of the United States District Court for the District of Vermont, sitting by designation.

NICOLIA, as Executrix of the Estate of Frederick P. Ippolito,

*Defendants-Appellees*,

JOHN VENDITTO, FREDERICK P. IPPOLITO, JOSEPH S. SALADINO,

*Defendants*.

---

| | |
|---|---|
| **For Plaintiffs-Appellants:** | HARRY H. KUTNER, JR., The Law Office of Harry H. Kutner, Jr., Garden City, NY. |
| **For Defendants-Appellees:** | CHRISTOPHER KENDRIC, Kendric Law Group P.C., Cold Spring Harbor, NY. |
| **For Defendant-Appellee The Town of Oyster Bay:** | Matthew M. Rozea, Office of the Town Attorney, Oyster Bay, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 3, 2023 judgment of the district court is **AFFIRMED**.

Darren E. Thomas and Marlene Thomas (together, "Plaintiffs") appeal from the district court's grant of summary judgment in favor of defendants Leonard Genova; Christopher Gioia; Christina F. Nicolia, as Executrix of the Estate of Frederick P. Ippolito; and the Town of Oyster Bay (together, "Defendants"). We

2

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal to which we refer only as necessary to explain our decision below.

## I. Background

In March 2007, Plaintiffs purchased what they believed to be a legal two-family home in the Town of Oyster Bay (the "Town") and began renting out an upstairs unit. In November 2007, in response to a civilian complaint, the Town began to investigate the property for zoning-code violations. Gioia, a code-enforcement inspector for the Town, conducted an on-site visit of Plaintiffs' home and observed two doorbells, two electric meters, and split electric and cable-television lines, one set of which extended to the home's second floor. After conducting research on the history of the property and speaking on the telephone with Darren Thomas, Gioia charged Mr. Thomas with criminal violations of the Town Code for (1) operating a two-family home in a single-family residential zone and (2) operating a two-family home without a proper certificate of occupancy. In April 2019, following a jury trial, Mr. Thomas was acquitted of the two state charges.

While that criminal prosecution was pending, Plaintiffs filed the present lawsuit in the United States District Court for the Eastern District of New York.

In February 2022, Plaintiffs filed a second amended complaint, alleging that Defendants engaged in malicious prosecution, selectively enforced the Town Code, and deprived Plaintiffs of due process in violation of 42 U.S.C. § 1983; intentionally discriminated against Plaintiffs on the basis of their race in violation of 42 U.S.C. §§ 1981, 1982; engaged in a conspiracy to deprive Plaintiffs of their civil and constitutional rights in violation of 42 U.S.C. §§ 1985, 1986; and violated the Fair Housing Act (the "FHA"), 42 U.S.C. §§ 3604(a), 3604(b), 3617. Plaintiffs further alleged that the Town of Oyster Bay had a municipal policy or custom that deprived them of their constitutional right to the equal protection of the laws, and asserted various state-law claims.

After discovery was completed, the district court dismissed Plaintiffs' due-process claim on ripeness grounds, granted summary judgment in favor of Defendants with respect to each of the remaining federal-law claims, and declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims. Plaintiffs timely appealed.

## II.     Legal Standard

We review a district court's grant of summary judgment *de novo*. *See Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78 (2d Cir. 2019). We "must

4

construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in [his] favor." *McKinney v. City of Middletown*, 49 F.4th 730, 737 (2d Cir. 2022) (internal quotation marks omitted). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citation and internal quotation marks omitted). Specifically, the opposing party must "go beyond the pleadings, and by [his or] her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Moreover, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), and "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary[-]judgment motion," *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

**III. Section 1983 Claim**

Plaintiffs first assert that Defendants deprived them of their civil and constitutional rights in violation of 42 U.S.C. § 1983. Although Plaintiffs' section 1983 claim was not entirely clear, the district court construed it as alleging that Defendants "(1) violated Plaintiff Darren Thomas's Fourth Amendment rights by maliciously prosecuting him without probable cause; (2) violated Plaintiff Darren Thomas's equal[-]protection rights by selectively enforcing the Town's zoning laws against him; and (3) violated Plaintiffs' due[-]process rights to use the[ir] [p]roperty as a two-family home." *Thomas v. Genova*, 698 F. Supp. 3d 493, 509 (E.D.N.Y. 2023). Plaintiffs do not argue on appeal that the district court misconstrued their section 1983 claim, so we address each theory in turn.

*A. Malicious Prosecution*

To succeed on a section 1983 claim for malicious prosecution, a plaintiff must show "a violation of his rights under the Fourth Amendment and must establish the elements of a malicious[-]prosecution claim under state law." *Cornelio v. Connecticut*, 32 F.4th 160, 178 (2d Cir. 2022) (internal quotation marks omitted). Under New York law, "the existence of probable cause is a complete defense to a claim of malicious prosecution." *Savino v. City of New York*, 331 F.3d

6

63, 72 (2d Cir. 2003) (citing *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983)). Probable cause exists when an officer has "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks omitted). Importantly, "probable cause does *not* require absolute certainty," and we instead "look to the totality of the circumstances." *Id.* (emphasis added) (alteration accepted and internal quotation marks omitted). While "an officer may not disregard plainly exculpatory evidence," we have also made clear that "the fact that an innocent explanation may be consistent with the facts alleged does not negate probable cause." *Id.* (alterations accepted and internal quotation marks omitted).

Like the district court, we find that there is no genuine dispute of material fact and thus can conclude, as a matter of law, that Defendants had probable cause to initiate the enforcement proceedings against Mr. Thomas. The parties do not dispute that Plaintiffs' property is located in an area zoned for single-family homes; that Plaintiffs never applied for a special-use permit to use their property as a two-family residence; that Gioia observed two electric meters, two doorbells, and split electric and cable-television lines; and that Mr. Thomas admitted to Gioia

7

that he was renting out the upstairs apartment. Gioia's investigation also uncovered corroborating documentary evidence, including property-tax cards showing that the property was taxed as a single-family home and a certificate of occupancy indicating that the "[p]remises [were] zoned for one[-]family use." J. App'x at 189. While it is true that Plaintiffs presented certain records suggesting that the property had been taxed as a two-family home prior to 2007, "[p]robable cause does not require absolute certainty." *Panetta*, 460 F.3d at 395 (internal quotation marks omitted). Considering "the totality of the circumstances," we conclude, based on the undisputed facts, that "a person of reasonable caution" would have believed that Mr. Thomas was violating the Town Code, thus providing Defendants with probable cause to pursue the enforcement action. *Id.* (internal quotation marks omitted). Accordingly, the district court did not err in granting summary judgment to Defendants on Plaintiffs' malicious-prosecution theory.

B. *Selective Enforcement*

We next turn to Plaintiffs' claim that Defendants selectively enforced the Town Code against Mr. Thomas because of his race. We have previously explained that to prevail on a selective-enforcement claim, "a plaintiff must prove

8

that (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations." *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019) (internal quotation marks omitted). With respect to the first element, the comparators need not be "identical," but the plaintiff must show that he "was similarly situated in all material respects to the individuals with whom [he] seeks to compare [him]self." *Id.* at 96 (internal quotation marks omitted). And while it is true as "a general rule" that the determination of "whether [individuals] are similarly situated is a factual issue that should be submitted to the jury," we have recognized that "a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 n.2 (2d Cir. 2001).

Based on the record below, we agree with the district court that no reasonable jury could find that Plaintiffs were selectively treated when compared with similarly situated homeowners. Plaintiffs' main support for this claim is their counsel's affirmation, which conclusorily declared that the Town has not prosecuted six other multi-family homes that are on the same block and are all

9

owned by white individuals. But beyond providing a list of the supposed comparator homes, Plaintiffs have not otherwise established that those properties are similarly situated. The law is clear that "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary[-]judgment motion." *Davis*, 316 F.3d at 100. What's more, Plaintiffs admitted that two of the supposed comparator properties had "proper certifications of occupancy on file with the Town to be used as multiple[-]family dwellings," and Defendants presented evidence that at least two of the supposed comparator properties *had* in fact been investigated by the Town for code violations. J. App'x at 346. Likewise, Plaintiffs admitted that the Town has taken code-enforcement actions against twenty-seven properties, all located within three tenths of a mile from Plaintiffs' home. Because Plaintiffs have failed to carry their burden in identifying any similarly situated properties, we affirm the district court's grant of summary judgment to Defendants with respect to Plaintiffs' selective-enforcement claim.

C. *Due Process*

Plaintiffs next argue that Defendants deprived them of their right to use their property as a two-family home without due process of law. The district court concluded that this claim was not ripe for adjudication, and we agree. We

have previously explained that ripeness requires a party challenging a land-use regulation to "obtain a final, definitive position as to how it could use the property from the entity charged with implementing the zoning regulations." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 348 (2d Cir. 2005); *see also Vill. Green at Sayville, LLC v. Town of Islip*, 43 F.4th 287, 294 (2d Cir. 2022). Here, Plaintiffs admit that they have not sought a variance or special-use permit, nor have they sought to obtain any final decision from the Town on whether their property constitutes a prior nonconforming use. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88–89 (2d Cir. 2002), *abrogated in part on other grounds by Knick v. Township of Scott*, 588 U.S. 180, 185 (2019); *see also, e.g., Norton v. Town of Islip*, 239 F. Supp. 2d 264, 269 (E.D.N.Y. 2003) (finding a due-process challenge unripe because the plaintiff "failed to obtain a final decision regarding his nonconforming use from the Town's Zoning Board of Appeals"). Accordingly, Plaintiffs' due-process claim is not ripe for adjudication, and the district court did not err in dismissing that claim.

## IV. Intentional Discrimination Claims

Plaintiffs also contend that Defendants intentionally discriminated against them on the basis of race in violation of 42 U.S.C. §§ 1981, 1982. Our case law is

clear, however, that section 1983 "provides the sole cause of action available against state actors alleged to have violated [section] 1981." *Smalls v. Collins*, 10 F.4th 117, 144 (2d Cir. 2021) (internal quotation marks omitted). Because each of the Defendants is a state actor, we affirm the district court's grant of summary judgment in their favor on Plaintiffs' section 1981 claim.

To survive summary judgment on their section 1982 claim, Plaintiffs must "produce enough evidence for a reasonable jury to find that the defendants intentionally discriminated against the[m] based on race." *Silva v. Farrish*, 47 F.4th 78, 90 (2d Cir. 2022). We agree with the district court that Plaintiffs failed to do so here. For starters, Plaintiffs were unable to point to any direct evidence to support their belief that the enforcement proceedings were racially motivated. In fact, Plaintiffs explained that it was their counsel who "was the first to voice the opinion that the Town's actions were racially[]motivated." J. App'x at 110. Moreover, Plaintiffs admit that Gioia did not meet them until *after* he filed the criminal information in local court, and while they assert in conclusory fashion that another local elected official must have tipped off Gioia regarding their race, there is nothing in the record to support that assertion. In the absence of any evidence of racial discrimination, Plaintiffs repeatedly fall back on the refrain that

12

"[w]hat else . . . but racism" could explain Defendants' actions. Pls. Br. at 6; *see also id.* at 26, 40, 43, 59 (same); Reply Br. at 1, 11 (same). But such speculation plainly does not suffice to survive a motion for summary judgment. *See Davis*, 316 F.3d at 100.

For these reasons, we agree that, on the evidence presented, no reasonable jury could find that Defendants discriminated against Plaintiffs because of their race. The district court therefore properly granted summary judgment in favor of Defendants on the section 1982 claim.

## V.     Conspiracy Claims

Plaintiffs further assert that Defendants engaged in a conspiracy to deprive them of their civil rights and neglected to prevent such a conspiracy in violation of 42 U.S.C. §§ 1985, 1986. To state a claim under section 1985, "the conspiracy must . . . be motivated by some racial or . . . otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (internal quotation marks omitted). Because we concluded above that Plaintiffs failed to present evidence of racial discrimination, their section 1985 claim must also fail. With respect to Plaintiffs' section 1986 claim, we have explained that such a claim "must

be predicated on a valid [section] 1985 claim." *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000) (internal quotation marks omitted). Because we have already concluded that Plaintiffs failed to establish a section 1985 conspiracy, their section 1986 claim cannot survive summary judgment either.

## VI.    **Fair Housing Act Claim**

Plaintiffs contend that Defendants discriminated against them in violation of sections 3604(a), 3604(b), and 3617 of the FHA. With respect to such claims, we have explained that "[s]ummary judgment is appropriate if no reasonable jury could find that the defendant's actions were motivated by discrimination." *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). We have also held that, "without some evidence of knowledge of the [plaintiffs'] racial identity, it is impossible to infer such motivation." *Id.* at 49. Because, once again, we conclude that no reasonable jury could find that Defendants knew of Plaintiffs' race or that they were motivated by racial discrimination, we affirm the district court's grant of summary judgment on the FHA claim.

## VII.    *Monell* **Claim**

Finally, Plaintiffs assert that the Town engaged in a policy or custom of racial discrimination and thus can be held liable under the Supreme Court's

decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). But there can be no municipal liability where there is no underlying constitutional violation. *See Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013). Because, as we concluded above, no reasonable jury could find a constitutional violation here, the district court properly granted summary judgment to the Town on Plaintiffs' *Monell* claim.[1]

\*     \*     \*

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] On appeal, Plaintiffs do not challenge the district court's decision not to exercise supplemental jurisdiction over their state-law claims, so we do not review that decision. To the extent it is unclear whether the district court dismissed those claims with prejudice, we clarify that such a dismissal is *without* prejudice. *See Oliveira v. Frito-Lay, Inc.*, 251 F.3d 56, 64–65 (2d Cir. 2001). Plaintiffs may refile those claims in state court if they wish to do so.